UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF IOWA
WESTERN DIVISION

IN RE:

SHERMAN HOGREFE and                                        Chapter 7
CHANTELLE HOGREFE

    Debtors.                                       Bankruptcy No. 04-04069S

ORDER RE:
TRUSTEE'S OBJECTION TO EXEMPTIONS

Trustee Donald H. Molstad objects to Sherman Hogrefe's claim of exemption in a fifth wheel trailer. Hearing was held May 17, 2005 in Sioux City. Donald H. Molstad appeared on his own behalf. Wil L. Forker appeared for Mr. Hogrefe. This is a core proceeding under 28 U.S.C. § 157(b)(2)(B).

Debtors filed their joint chapter 7 petition on October 18, 2004. On February 24, 2005, Sherman Hogrefe amended his Schedule C in order to claim as exempt, among other things, a fifth wheel trailer valued at $1,500.00. The trailer was claimed exempt as a tool of Mr. Hogrefe's farming trade. The trustee objected.

At hearing, the trustee contended that Mr. Hogrefe was not engaged in farming, did not intend to farm in the future, and, therefore, was not entitled to claim the trailer exempt as a tool of the farming trade. The parties requested that they be permitted to submit portions of Rule 2004 examinations taken of Mr. and Mrs. Hogrefe as testimonial evidence for the proceeding (Fed.R.Bankr.P. 2004). The examinations were conducted on February 10, 2005 (see docket nos. 42 and 43).

In his examination, Mr. Hogrefe testified that as of 2005 he

was no longer farming and that he had no desire to farm.  When he filed his petition, he showed his occupation as a "farmer/mgr." (docket 1, Schedule I).  Mrs. Hogrefe testified in her Rule 2004 examination that it was true that her husband was "now" out of farming.

To be a farmer for the purpose of exempting tools of the trade, an individual does not need to be farming on the day of the levy.  In re Indvik, 118 B.R. 993, 1005 (Bankr. N.D. Iowa 1990) (citing Pease v. Price, 101 Iowa 57, 69 N.W. 1120 (1897); Hickman v. Cruise, 72 Iowa 528, 34 N.W. 316, 317 (1887)).  In determining whether a debtor is engaged in farming in a dispute over the exemption of farm tools, the court normally examines a debtor's past farming activities and the sincerity of the debtor's intent to continue farming.  In re Indvik, 118 B.R. at 1005.

Exemption rights are determined at the time of the bankruptcy filing.  11 U.S.C. § 522(b)(2)(A); In re Lowder, 188 B.R. 573, 575 (Bankr. C.D. Ill. 1995).  There is no evidence as to Mr. Hogrefe's farming activity at or previous to the date of filing.  Nor is there any evidence as to his intent to continue farming as of the date of bankruptcy.  The only evidence is that as of the date of the Rule 2004 examinations on February 10, 2005, he was not farming and did not desire to farm.  The burden of proof on an objection to exemptions is on the objector.  Fed.R.Bankr.P. 4003(c).  The evidence is insufficient to satisfy the trustee's burden.

IT IS ORDERED that the objection to Sherman Hogrefe's claim

of exemption in a fifth wheel trailer is overruled.  Judgment shall enter accordingly.

DATED & ENTERED: May 26, 2005

William L. Edmonds, Bankruptcy Judge